THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIRILL BALAYANTS, Defendant-Appellant.

Second District   No. 2—01—1383

Opinion filed October 22, 2003.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Kirill Balayants, appeals his conviction of robbery (720 ILCS 5/18—1 (West 2000)), after the trial court barred evidence regarding the complainant's pending criminal charges. We reverse and remand for a new trial.

The following facts are taken from the record. Defendant was charged with the robbery of Robert Cundiff (the complainant). Before trial, the State filed a motion *in limine*, requesting that defendant be prohibited from eliciting any evidence of the complainant's prior bad acts or arrests. Before the trial, defendant "voir dired" the complainant. At the time, the complainant had a pending aggravated robbery charge set for trial and was in custody in the Lake County jail. The complainant testified that he had been in jail for 100 days awaiting trial, was told that he faced up to 15 years in jail, and was represented by Doug Roberts. Roberts objected when defense counsel asked the complainant whether he would try to negotiate a deal with the State. Roberts told the court that he was taking the complainant's case to trial and would not negotiate with the State. The complainant stated that he told defendant's counsel the week before the *voir dire* that the complainant was trying to do everything to get rid of his own case. The complainant stated that he did not know who was prosecuting him, but that he would do whatever he could to avoid prison and wanted a good deal. The complainant testified that the State had not made any offers or promises based on his testimony against defendant and that he had not spoken with the prosecutor.

Defense counsel then "voir dired" Roberts, who stated that he would be pleased if the State made an offer in the complainant's case

but that Roberts did not ask for or receive an offer in exchange for the complainant's testimony. The only thing Roberts told the complainant about his testimony in defendant's case was to tell the truth.

After the *voir dire*, the trial court granted the State's motion *in limine* barring evidence of the complainant's pending charge. However, the court stated that it would allow defense counsel to elicit testimony that the complainant was currently in jail.

At the trial, the complainant testified that he was 18 years old and currently living day-to-day in the Lake County jail. On April 17, 2001, around midnight, as the complainant walked from his apartment building parking lot to the building, defendant and another individual exited a car and approached the complainant. The two individuals asked complainant where Jeff lived. When the complainant told the two individuals that he did not know, the second individual punched the complainant in the face and again asked the complainant where Jeff lived. Defendant said that Jeff owed defendant money. The complainant then walked to his car to get his address book, which was in his wallet, so that he could show the two individuals that Jeff's address was not in his address book. When the complainant returned with his wallet, the second man grabbed the wallet and the complainant's keys and then told the complainant that he and defendant would be back in the morning so that complainant could show them where Jeff lived. Defendant told the complainant that, if they did not find Jeff, the complainant would be responsible for the money Jeff owed them. As the two men left, the second man gave defendant the complainant's wallet. The complainant then went to his apartment and called the police. The next day, the complainant went to defendant's house and asked defendant's mother for the wallet and keys, but "they" did not have them.

The complainant also testified that a month before the alleged robbery, defendant and the second individual met with the complainant and asked if he knew where Jeff lived and where the money was. Although the complainant knew where Jeff lived, he did not tell them. Defendant and the second individual told the complainant that they would be back in a month and that if they did not find the money, they would come after the complainant.

Vernon Hills police officer Vince Utter testified that, when he met with the complainant the night of the alleged robbery, the complainant had redness under his left eye.

The jury returned a guilty verdict. The trial court denied defendant's motion for a new trial and then sentenced defendant to three years' imprisonment. Defendant filed this timely appeal.

On appeal, defendant argues that the trial court erred by granting

the State's motion *in limine*, barring evidence regarding the complainant's pending charge of aggravated robbery. Defendant argues that this error denied him a fair trial and warrants a new trial.

■ A criminal defendant has a fundamental constitutional right to confront the witnesses against him and this includes the right to conduct a reasonable cross-examination. *People v. Triplett*, 108 Ill. 2d 463, 474 (1985). A witness may be impeached by evidence that the witness has pending charges or is in State custody at the time of trial, as it tends to show that the testimony may be influenced by bias, interest, or motive to lie. *Triplett*, 108 Ill. 2d at 481-82. A defendant need not show that the witness has been promised leniency; the evidence must only give rise to the inference that the witness has something to gain by testifying. *People v. Davis*, 185 Ill. 2d 317, 337 (1998). A jury is entitled to the details of the theory of defense so it can make an informed judgment, and thus, the right to cross-examine is satisfied when counsel is permitted to "expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 355, 94 S. Ct. 1105, 1111 (1974). The decision to bar evidence of a witness's pending charges will not be disturbed absent an abuse of discretion. *People v. Nutall*, 312 Ill. App. 3d 620, 627-28 (2000).

For example, in *People v. Wilkerson*, 87 Ill. 2d 151 (1981), our supreme court held that the trial court erred by barring cross-examination regarding the charges against the witness that were pending in the same county as the defendant's charges. Despite the witness's denial of any bias or promise of leniency for her testimony, our supreme court stated:

> "The defendants should have been permitted on cross-examination to develop matters that would reasonably show the bias, motive or willingness of the State's witnesses to testify, and this included the fact that Katie Bolden was charged with a crime. [Citation.] The widest latitude should have been given to the defendants to show bias. [Citation.] Defense counsel should have been allowed to present the theory that the witness was not credible because she was being rewarded for her testimony, and should have been allowed to expose to the jury the underlying charges so that the jurors could consider their effect, if any, on the reliability of the witness." *Wilkerson*, 87 Ill. 2d at 156.

The supreme court then affirmed the appellate court's reversal and grant of a new trial after determining that the error was not harmless because the witness's testimony was the "linchpin" of the State's case. *Wilkerson*, 87 Ill. 2d at 157.

■ Here, defendant was barred from cross-examining the complain-

ant regarding his pending charge of aggravated robbery. At the time of the trial, the complainant was in custody and was awaiting trial. The complainant's attorney was hoping for a deal for his client. The complainant said that he would do whatever he could to avoid prison and his attorney said that he would welcome a deal from the prosecutor. We recognize that the *voir dire* did not reveal an absolute expectation of leniency from the prosecutor. However, we believe that it was for the jury to decide whether the pending criminal charges against the complainant provided a motive to offer false testimony beyond the self-evident interest of a victim of a crime. Contrary to the State's contention, the fact that the complainant may not have known who was prosecuting him does not preclude the possibility that his pending charges provided a motive to lie as a State witness at defendant's trial. To say that the possibility that the complainant had a motive to lie is too remote in this case is to substitute the trier of fact's prerogative to give the complainant's testimony the appropriate weight. The ruling of the trial court restricting cross-examination prevented the jury from hearing evidence that could have affected the complainant's credibility and was an abuse of discretion. Defendant had the right to present this evidence to the jury, and the trial court's decision to bar this evidence was an abuse of discretion.

■ The improper denial of a defendant's constitutional right to cross-examination does not always mandate reversal, but may be found to be harmless error. *Davis*, 185 Ill. 2d at 338. Thus, we must determine if the error was harmless or denied defendant a fair trial. To determine whether an error was harmless, we may consider such factors as the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination actually allowed, and the overall strength of the prosecution's case. *Davis*, 185 Ill. 2d at 338.

■ Here, the complainant was the only eyewitness called against defendant. The complainant had pending charges of aggravated robbery and was in State custody at the time of defendant's trial. Further, the credibility of the complainant was critical to the State's case. Evidence that he might have been biased or had a motive to lie could have changed the jury's decision. This evidence was admissible to show bias or a possible reason for the complainant to fabricate his testimony. The failure of the trial court to admit this evidence substantially undermines our confidence in the verdict and, because the complainant's testimony was the linchpin of the State's case, the error was not harmless. The complainant was the only occurrence witness presented by the State. Therefore, the error warrants a new trial. See *Wilkerson*, 87 Ill. 2d at 157.

The State cites *People v. Johnson*, 150 Ill. App. 3d 1075, 1083 (1986), and *People v. Lewis*, 229 Ill. App. 3d 874, 882 (1992), to support its argument. However, we disagree with the reasoning in these cases, wherein the courts determined that no error occurred when the trial court barred evidence of a witness's pending charges because there was no proof of an offer of leniency or a deal in exchange for the witness's testimony against the defendant. In a more recent case, our supreme court made it clear that a defendant does not need to show that the witness has been promised leniency; rather, it is enough if the evidence gives rise to the inference that the witness has something to gain by testifying. *Davis*, 185 Ill. 2d 317. Thus, *Johnson* and *Lewis* are not controlling here.

For these reasons, the judgment of the circuit court of Lake County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

HUTCHINSON, P.J., and BOWMAN, J., concur.